IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JEFFERY W. EDWARDS                                                                                    PETITIONER

v.                                               No. 6:21-cv-06113

DEXTER PAYNE, Director,                                                                           RESPONDENT
Arkansas Department of Correction

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is Petitioner Jeffery W. Edwards's ("Edwards") Petition Under 28 U.S.C.A. § 2254 for Writ of Habeas Corpus by a Person in State Custody.[1] ECF No. 1. This Petition was filed by Edwards, an inmate confined in ADC, Ouachita River Unit in Malvern, Arkansas. *Id.* The Petition was referred to the undersigned for findings of fact, conclusions of law, and recommendations for the disposition of the case.

**1.      Procedural Background**:[2]

Edwards has been prolific in his court filings over the last twenty years, and this is Edwards's third *habeas* petition in federal court. On December 17, 1997, Edwards was convicted of commercial burglary, attempted rape, rape, and second-degree battery by a jury in Washington County, Arkansas. ECF No. 10-1. These offenses were committed while Edwards was on probation for another set of offenses that included residential burglary and theft of property. *Id.* Edwards appealed, and the Arkansas Court of Appeals affirmed Edwards's convictions and

---

[1] Also before this Court is a "Writ of Mandamus" filed by Edwards. ECF No. 11. With this Writ, Edwards seeks to have the Court "to consider Constitutional errors that caused his unlawful conviction of rape, attempted rape." *Id.* This Writ appears to be an attempt by Edwards to circumvent the process for filing an appropriate 2254 Petition and to avoid complying with the corresponding rules as outlined below. Because the Court recommends the relief requested with this 2254 Petition be denied, the Court also recommends the Writ of Mandamus (ECF No. 11) be denied.

[2] The "Procedural Background" was taken from the docket in this matter as well as the public filings in Edwards's case. Because Edwards is in state custody, a majority of the procedural background comes from these state court records.

1

sentences in an opinion issued on October 28, 1998.  *See Edwards v. State of Arkansas,* 1998 WL 760241, at *1-3 (Ark. App. Oct. 28, 1998).

Nearly three years later, on May 14, 2001, Edwards filed a Rule 37 petition in the Washington County Circuit Court.  ECF No. 10-3.  The petition was summarily denied on May 30, 2001.  On November 20, 2001, Edwards filed his first *habeas* petition in federal court.  *See Edwards v. Norris,* No. 01-5250 (W.D. Ark.).  After considering that petition, U.S. Magistrate Judge Beverly Stites Jones recommended it be denied because it was barred by the one-year statute of limitations under AEDPA.  ECF No. 10-4.  On May 10, 2002, that report and recommendation was adopted, and Edwards's first *habeas* petition was denied.  ECF No. 10-4.

In 2008 and 2009, Edwards filed two more state *habeas* petitions, which were denied.  ECF No. 10-5, 10-6.  On September 24, 2010, Edwards filed his second application for a writ of *habeas corpus* in federal court.  *See Edwards v. Hobbs,* 5:10-cv-00287 (E.D. Ark. 2010).  On January 13, 2011, U.S. Magistrate Judge Jerry Cavaneau recommended Edwards's case be dismissed: "For the reasons that follow, the petition should be **denied** as barred by the one-year statute of limitations applicable to federal habeas petitions."  ECF No. 10-8 at 3.  From 2012 until 2017, Edwards continued to file state *habeas* petitions in Washington County, Arkansas and Jefferson County, Arkansas.  All of these petitions were denied.

Finally, on January 10, 2018, Edwards filed an application seeking permission from the Eighth Circuit Court of Appeals to file a second or successive *habeas* petition pursuant to 28 U.S.C. § 2244(b)(3)(A).  In the application, he sought to revive all of his former claims contained in his prior *habeas* petitions.  On May 1, 2018, the Eighth Circuit specifically denied this request: "The petition for authorization to file a successive habeas application in the district court is denied."  ECF No. 10-11 at 9.

Despite having been specifically denied permission, Edwards then filed the current Petition on July 16, 2021. ECF No. 1. A response has been timely filed. ECF No. 10. The Court has considered all of this briefing and finds this matter is now ripe for consideration.

**2.**     **Discussion**:

Under the Anti-Terrorism and Death Penalty Act or "AEDPA," Edwards was required to obtain a certification by a panel of the Eighth Circuit prior to filing this Petition. *See* 28 U.S.C. § 2244(b)(3)(A) (1996). This provision provides the following: "Before a second or successive application permitted by this section is filed in the district court, the applicant *shall move* in the appropriate court of appeals for an order authorizing the district court to consider the application." *Id.* (emphasis added).

In the present action, Edwards sought—but did not receive—such an authorization to file the current Petition. ECF No. 10-11 at 9. Indeed, Edwards was specifically denied this authorization. *Id.* Without such an authorization, this Court has no jurisdiction over this case. *See, e.g., Boykin v. United States,* 242 F.3d 373 (8th Cir. 2000) (recognizing a district court lacks jurisdiction when the defendant does not first seek a certification from the applicable court of appeals). Thus, this Petition must be dismissed.

**3.**     **Recommendation**:

Accordingly, based on the foregoing, it is recommended Edwards's Petition be **DISMISSED** as a second or successive 2254 petition. No evidentiary hearing is required in this matter.[3] Further, pursuant to 28 U.S.C. §1915(a), I recommend the finding that an appeal from dismissal would not be taken in good faith.

---

[3] Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts and 28 U.S.C. § 2254(e)(2) provide guidance on whether an evidentiary hearing is required. Based upon the Court's review of those rules, the Court finds no such evidentiary hearing is required. "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations

3

Also pending in this case is Edwards's Writ of Mandamus. ECF No. 11. Consistent with the foregoing and because the Court recommends this 2254 Petition be denied, the Court also recommends this Motion be **DENIED**.

Finally, because Edwards has attempted to circumvent the well-established rules in filing 2254 petitions and has failed to comply with the requirement that he seek leave prior to filing a second or successive 2254 petitions, the Court finds Edwards should be **BARRED** from any further filings with this Court without first seeking leave prior to filing.

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court**. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**DATED** this **19th day of October 2021.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE

---

fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record." *Urquhart v. Lockhart,* 726 F.2d 1316 (8th Cir.1984).